**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
ANTHONY LENARD,                     :
                                    :       Civil Action
            Petitioner,             :       No. 06-3401 (WJM)
                                    :
         v.                         :       **O P I N I O N**
                                    :
DEPARTMENT OF                       :
HOMELAND SECURITY et al.,           :
                                    :
            Respondents.            :
_____ :

**APPEARANCES:**

    ANTHONY LENARD, Petitioner pro se
    ID. # D46114
    Bergen County Jail
    Hackensack, New Jersey 07601

**WILLIAM J. MARTINI, District Judge**

    On July 27, 2006, Petitioner ANTHONY LENARD (hereinafter "Petitioner"), a native of Haiti currently detained at the Bergen County Jail, Hackensack, New Jersey, submitted the instant Petition for a Writ of Habeas Corpus (hereinafter "Petition") under 28 U.S.C. § 2241, seeking release from detention by the Department of Homeland Security (hereinafter "DHS").[1]  Petitioner, a felon under

---

[1] The Homeland Security Act of 2002, 6 U.S.C. §§ 101-557, P.L. 107-296, 116 Stat. 2135 (Nov. 25, 2002), created the Bureau of Citizenship and Immigration Services ("BCIS") within the Department of Homeland Security.  See 6 U.S.C. § 271(a).  The Act transferred

a final order of removal issued on May 30, 2006, see Pet., Docket Entry No. 1 at 6 ("Warning for Failure to Depart Notice" Form I-229(a) issued to Petitioner on May 30, 2006),[2] asserts that he is being held in custody in violation of 8 U.S.C. § 1231(a)(6), as clarified in Zadvydas v. Davis, 533 U.S. 678 (2001), see Pet. at 3, because (1) "there is no significant likelihood that [Petitioner] will be removed to Haiti in the reasonably foreseeable future," (2) he "has made every effort in good faith to assist the . . . ICE in obtaining travel documents" to remove him from the United States. Id. at 2.

Having thoroughly examined Petitioner's submission, this Court dismisses the Petition.

## JURISDICTION

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:

---

the functions of the Commissioner of the Immigration and Naturalization Service ("INS") to the Director of BCIS, see 6 U.S.C. § 271(b), and abolished INS. See 6 U.S.C. § 291. Accordingly, DHS replaced INS on March 1, 2003.

[2] Since Petitioner's Petition is not paginated, this Court makes references to pagination provided as a result of Petitioner's Petition being docketed.

(1) the petitioner is "in custody" and (2) the custody could be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). This Court has subject matter jurisdiction over the instant Petition under § 2241 because Petitioner was detained within its jurisdiction at the time he filed his Petition and he asserts that his detention is not statutorily authorized and violates his constitutional rights. See Zadvydas, 533 U.S. at 699.

## DISCUSSION

Section 1231(a)(1)(A) provides that the government has a 90-day "removal period" to remove an alien ordered removed from the United States. The "removal period" starts on the latest of the following: (1) the date when the order of removal becomes administratively final (that is, appeal to BIA was either taken and ruled upon or the time to appeal expired); or (2) if the removal order is judicially reviewed and if a court orders a stay of the removal, the date of the court's final order, or (3) if the alien is detained or confined (except under an immigration process), the date the alien is released from confinement. See 8 U.S.C. § 1231(a)(1)(B). It appears that Petitioner's order of removal became final on May 30, 2006.[3] See Pet. at 6.

---

[3]

It is unclear from the face of Petitioner's Petition whether Petitioner filed an appeal, and his appeal was denied on May 30,

Therefore, Petitioner's removal period began on May 30, 2006. See 8 U.S.C. § 1231(a)(1)(B). During the "removal period," i.e., during the 90 days following issuance of the final order of removal, the alien *should* be detained. See id. § 1231(a)(2) ("Detention: During the removal period, the Attorney General shall detain the alien").

Thus, on the facts presented by Petitioner, Petitioner does not qualify for a writ of habeas corpus. Since Petitioner's final order of removal was issued on May 30, 2006, Petitioner's statutory "removal period" has just expired as of the date of this Opinion and accompanying Order, and Petitioner's detention has been proper. See id. § 1231(a)(2).

Moreover, after the statutory "removal period" expires, the government may detain the alien or release him subject to conditions of release. See id. § 1231(a)(6). In Zadvydas, the Supreme Court held that aliens may be detained under § 1231(a)(6) only for "a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689 (holding that

---

2006, or that Petitioner did not file an appeal and his order of removal became final upon Petitioner's release from the underlying confinement or upon expiration of Petitioner's time to appeal his removal. (If Petitioner finished serving his sentence, and no stay was either sought or entered, and no appeal was filed, Petitioner's removal order became final 30 days after the issuance of the order by Petitioner's immigration judge. See 8 C.F.R. § 240.15 ("An appeal shall be filed within 30 calendar days after mailing of a written decision, the stating of an oral decision, or the service of a summary decision")).

"the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States [and] does not permit indefinite detention").[4] Recognizing that its holding would lead to difficult judgment calls in the courts, the Supreme Court, "for the sake of uniform administration in the federal courts" recognized a six-month "presumptively reasonable period of detention." Zadvydas, 533 U.S. at 700-01. Thus, the holding of Zadvydas has no relation to the case at bar because Petitioner has not been detained over six months from the date of Petitioner's final order of removal.[5]

---

[4]

>Furthermore, the Supreme Court clarified that,
>[a]fter this 6-month period, once the alien provides *good reason to believe* that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

533 U.S. at 701 (emphasis supplied).

[5]

Since Petitioner's removal period began on May 30, 2006, see 8 U.S.C. § 1231(a)(1)(B), Petitioner's six-month "presumptive reasonable period of detention" under Zadvydas will expire–and Petitioner's claim under Zadvydas *could* mature--on November 30, 2006, the earliest. If, after November 30, 2006, Petitioner develops good *evidence-based reason* to believe that his removal is no longer reasonably foreseeable, Petitioner may file another §

**CONCLUSION**

Petitioner's application for a writ of habeas corpus under § 2241 is hereby denied.

An appropriate Order accompanies this Opinion.


                                        s/William J. Martini

                                 _____
                                     **WILLIAM J. MARTINI**
                                 **United States District Judge**

Dated: 9/5/06

---

2241 application.  See Zadvydas, 533 U.S. at 700-01.  Petitioner is, however, reminded in that respect that the sole fact of Petitioner's compliance with the government requirements does *not*, by itself, qualify as a good evidence-based reason to believe that Petitioner's removal is no longer reasonably foreseeable.  See id.